## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

COMPUTER LEARNING CENTERS, INC.,

      Debtor.

Case No. 01-80096-RGM
(Chapter 7)

### MEMORANDUM OPINION

This chapter 7 case presents the question of whether a class proof of claim may be filed in this case. Joshua Ruiz, Eric Evangelista, Edwin Potts, Jr., and Frank Seklecki, through their attorney, filed a proof of claim on behalf of themselves and a prospective class consisting of all persons who, from May 5, 1992 through May 4, 1998, were enrolled in a course of study, education or training provided by Computer Learning Centers, Inc., at its New Jersey locations and suffered injury from its false claims, misrepresentations or omissions regarding the nature and quality of instruction provided by it; the quality and sufficiency of its equipment; the qualifications, capability and quality of its instructors; and its job placement services. They base their claims on fraud, breach of contract and violation of New Jersey's consumer fraud act, N.J.S.A. §56:8-1, *et seq.* The chapter 7 trustee objected to the proof of claim as a class proof of claim.

### I. Procedural Background

### A.  New Jersey Suit

The claimants filed a class action in superior court in New Jersey on May 5, 1998. The complaint contained two counts: violation of the New Jersey Consumer Fraud Act and breach of contract. It alleges that the debtor failed to provide adequate instruction, failed to provide adequate

equipment and facilities and failed to provide job placement and career services all in violation of representations made to prospective students.  The complaint sought to enjoin such practices in the future and damages for the alleged injuries.  The damages sought were compensatory damages, generally a refund of tuition; treble damages under the New Jersey Consumer Fraud Act; and punitive damages.  It also sought prejudgment and postjudgment interest and attorney's fees.  On November 19, 1999, the Superior Court certified the action as a class action under New Jersey Rule 4:32-1(a) and (b).  The class consisted of all persons who, from May 5, 1992 through May 4, 1998, were enrolled in a course or course of studies, education or training provided by the debtor at its New Jersey locations and who incurred tuition expenses.  Ruiz and Evangelista were designated as the class representatives.[1]

The Superior Court discussed the elements of a class action and its reasons for certifying the action as a class action in its oral ruling on the certification motion on November 19, 1999.  *See* Motion to Allow Claim No. 2336 of Joshua Ruiz *et al.* as a Class Claim and Memorandum of Law in Support Thereof, Exhibit D, Transcript of November 19, 1999 Hearing at 30-37 (hereinafter "Tr.").  The New Jersey class action rule, Rule 4:32-1, is textually substantially the same as F.R.Civ.P. 23.[2]  The court found that the four prerequisite elements of Rule 4:32-1(a), numerosity, commonality, typicality and adequacy of representation, were present.  It found that "there appear on this record to be at least 100 persons who may be affected."  Tr. at 33.  Although it found that commonality was present, it was concerned with whether the questions of fact common to the class predominated over questions affecting only individual members, specifically potential counterclaims

---

[1]  Secklecki and Potts were dismissed from the class action on November 30, 1998.

[2]The principal difference is that New Jersey Rule 4:32-1 omits F.R.Civ.P. 23(b)(3)(C).

against class members for unpaid tuition.  The debtor argued that many putative class members owed

money to the debtor for unpaid tuition.  With respect to the predominance factor in Rule 4:32-

1(b)(3), the court stated:

> [T]he prime Achilles heel in that is the claim of potential
> counterclaims for amounts due on tuition and otherwise.  That's not
> the only issue that raises its head here.  I don't view the prosecution
> and defense of those counterclaims as a bar to class action
> prosecution.  It's a balancing test, and in looking at what I might call
> the presumption, that class action is most appropriate for consumer
> fraud cases, balancing that against some limited difficulty of
> management and need to treat individual situation[s], that balance is
> tipped in favor of the class action.

Tr. at 34-35.  The presumption to which the court referred is the New Jersey rule that "the class

action rule should be construed liberally in a case involving allegations of consumer fraud."  *Matter

of Cadillac V8-6-4 Class Action,* 93 N.J. 412, 435, 461 A.2d 736, 747 (1983).[3]  *See also Strawn v.

Canuso,* 140 N.J. 43, 68, 657 A.2d 420, 432-433 (1995).[4]

　　　The Superior Court conditionally dismissed the suit about three months after this case was

filed.  *See* Reply to Trustee's Opposition to Motion to Lift Automatic Bankruptcy Stay, Affidavit

of Howard M. Wagner at ¶2.  (Docket Entry 201).  While the conditional dismissal was likely an

---

[3]"The last prerequisite for certification is that a class action be 'superior to other available methods for the fair and efficient adjudication of the controversy.' R. 4:32-1(b)(3). In assessing that requirement, we are mindful that the class action rule should be construed liberally in a case involving allegations of consumer fraud. *Riley v. New Rapids Carpet Center,* 61 N.J. 218, 228, 294 A.2d 7 (1972) (in a consumer fraud case, 'a court should be slow to hold that a suit may not proceed as a class action'); *Lusky v. Capasso Bros.,* 118 N.J.Super. 369, 373, 287 A.2d 736 (App.Div.1972) (calling for liberal construction of class action rule in breach of license agreement case)." *Matter of Cadillac V8-6-4 Class Action,* 93 N.J. 412, 435, 461 A.2d 736, 747 (1983).

[4]The trustee correctly noted that much of the relief requested in the New Jersey suit is not available in bankruptcy.  Treble damages and punitive damages are a fourth-tier distribution in bankruptcy.  Bankruptcy Code §726(a)(4).  With the Department of Education's claim which is more than five times larger than the $20 million in assets that trustee recovered, there is no likelihood that such claims will receive any distribution.  (*Cohen v. de la Cruz,* 523 U.S. 213, 118 S.Ct. 1212(1998) allowed punitive damages as part of a non-dischargability judgment. It did not address the distribution of estate assets to satisfy those claims under §726.)  Postjudgment interest, a fifth-tier distribution, similarly, will not be paid.  Bankruptcy Code §726(a)(5).  The claim for attorney's fees from the estate would be disallowed.  The request for an injunction is discussed below.

administrative response to the filing of this bankruptcy case, neither the order of dismissal nor the reasons for the dismissal is a part of the record before this court.

### B.  Notice to Potential Class Members

No notification of the class action law suit or individual's membership in the certified class was given to the class members despite the passage of more than a year from the date of the class certification on November 19, 1999, to the date this case was filed on January 25, 2001.

No specific notice of the pendency of this case or the existence of the class members' potential claims was given to the potential class members in this case.  However, knowledge of the case was widely disseminated.  The trustee requested an order limiting notice shortly after the case was commenced.  The motion was granted and notice was limited to certain parties, including the twenty largest creditors and a committee of creditors directed to be appointed by the court.  While the order did not specifically require the trustee to maintain the debtor's website and publish notices on it, the motion requested this relief and, in fact, the trustee maintained the debtor's website throughout the course of this case.

Local counsel for Ruiz and Evangelista was on the service list and received e-mail notification of all filings and orders.  Counsel in the New Jersey suit was admitted to practice before this court pro hac vice.

New Jersey law required the debtor to maintain a bond with the New Jersey Department of Education to protect students in certain events.  One event was the closing of the school before all classes were completed.  The bond was available to reimburse students who had paid their tuition but not received the promised training.  The New Jersey Department of Education mailed notices

of the availability of its bond to all enrolled students, published a notice in newspapers and placed

a notice on its website.  The trustee filed an omnibus objection to New Jersey student proofs of claim

on September 30, 2004, to the extent that the claims could be satisfied from the bond.  The order

resolving most of the claims was entered on February 28, 2005.  The New Jersey Attorney General

participated in the resolution of the claims and received notice of the proceeding in this case.


### C.  Destruction of Estate Records

The trustee, pursuant to court order, destroyed many records of the debtor.  In his initial

motion filed on April 5, 2001, he noted he had sold all of the schools.  He acknowledged the

obligation to protect certain student records and stated that those records had been transferred to the

purchasers of the schools or turned over to appropriate custodians such as state agencies.  The

remaining records were either shipped from across the nation to a single records facility in Virginia

or, pursuant to court order, abandoned and destroyed.  Over the course of the administration of the

case, additional records were destroyed.  Neither Ruiz nor Evangelista objected to the destruction

of the records.

### D.  Proof of Claim

Ruiz and Evangelista timely filed their class proof of claim on May 31, 2001.[5]  Proof of
Claim 2336.  The trustee objected to the proof of claim on October 28, 2004.  On July 25, 2005,
Ruiz and Evangelista responded to the trustee's objection and filed a separate motion requesting that
F.R.Bankr.P. 7023 be made applicable to their claim and that their proof of claim be certified as a
class claim (the "Rule 7023 motion").[6]

### II.  Positions of the Parties

Ruiz and Evangelista make two arguments: First, that class proofs of claim are permitted in
bankruptcy and where a class has been certified pre-petition in another case, the bankruptcy court
must accept the certification without further review.   Second, they argue that class certification
should be granted independently under F.R.Civ.P. 23 and, therefore, Rule 7023 must be made
applicable to their proof of claim and the class certified.   The latter conclusion, they argue,  is
particularly appropriate where the pre-petition certification is made under a class action rule that
mirrors Rule 23 of the Federal Rules of Civil Procedure.

The trustee argues that there is doubt as to whether any proof of claim is permissible in a
bankruptcy proceeding as a class proof of claim.  He correctly notes that under the  Bankruptcy Act
of 1898 class proofs of claim were not permitted.  He acknowledges that the Seventh Circuit's
opinion in *In re American Reserve Corp.,* 840 F.2d 487 (7th Cir.1988) was the first decision to reject

---

[5]More than 2665 proofs of claim were filed before the bar date.

[6]The delay between the trustee's objection and the creditors' response and motion was occasioned by local
counsel moving her office.  She did not receive actual notice of the objection because it was mailed to her old office
address.  The default order disallowing the proof of claim was vacated and the objection proceeded on its merits.

the prior Bankruptcy Act analysis. "[T]he rejection of the argument that the Code and Rules did not absolutely preclude class proofs of claim was not only unprecedented at the time, but also . . . turned out to be revolutionary." *In re Sacred Heart Hosp. of Norristown,* 177 B.R. 16, 21 (Bankr.E.D.Pa. 1995). Many, but not all, courts have followed *American Reserve.*[7] However, the trustee argues, even under *American Reserve* class proofs of claim are not permitted as a matter of right. The application of F.R.Civ.P. 7023, which is necessary in order for a class proof of claim to be filed, is discretionary with the bankruptcy court under F.R.Bankr.P. 9014. Unlike in adversary proceedings where Rule 7023 is always applicable without any action of the court, in contested matters Rule 7023 is not applicable unless specifically made applicable by the court. *Cf.* Rules 7001 and 7023 with Rule 9014(c). The burden is on the claimant to obtain application of Rule 7023 and also to satisfy the requirements of Rule 23 itself. Finally, he disputes with Ruiz' and Evangelista's argument that a pre-petition certification mandates application of Rule 7023 under Rule 9014 (c) in the subsequent bankruptcy case and the certification of the same class under Rule 23.

## III.  Discussion

### A.  General Application of Rule 7023 to a Proof of Claim

#### 1.  May class proofs of claim be filed in bankruptcy cases?

The threshold question is whether class proofs of claim are ever permitted in bankruptcy cases. As the trustee points out, there is a split of authority on the issue. The Fourth Circuit has not

---

[7]*Birting Fisheries, Inc. v. Lane,* 92 F.3d 939 (9th Cir. 1996); *Reid v. White Motor Corp.,* 886 F. 2d 1462 (6th Cir. 1989), *cert denied,* 494 U.S. 1080 (1990); *In re Charter Co.,* 876 F. 2d 866 (11th Cir. 1989), *cert. dismissed,* 496 U.S. 944 (1990). *But see Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp.),* 817 F.2d 625 (10th Cir. 1987) *vacated and reversed in part on other grounds sub. nom.* 839 F.2d 1383 (10th Cir. 1987) *cert. dismissed,* 488 U.S. 881, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988). The Court of Appeals for the Fourth Circuit has not addressed the issue.

yet addressed the issue.  Existing decisions clearly set forth the dueling interpretations of the

Bankruptcy Code and need no amplification.  *See* Anno., "Validity of Class Proofs of Claim under

Bankruptcy Code of 1978," 99 A.L.R.Fed. 858 (2005).  The better argument appears to be that a

class proof of claim can be filed if Rule 7023 is made applicable to the proof of claim under Rule

9014 ( c).  The court will assume, *arguendo,* that they may be filed if Rule 7023 is made applicable

to the proof of claim.


**2.  Is filing a class proof of claim a matter of right?**

*American Reserve,* the seminal case on this issue, makes plain that although class proofs of

claim may be permitted, they are not a matter of right.  "[T]he bankruptcy judge did not recognize

that he has discretion under Rule 9014 not to apply Rule 7023 – and therefore not to apply Rule 23

– in this 'contested matter'".  *In re American Reserve Corp.*, 840 F.2d at 494.  The court suggested

several non-exclusive considerations a bankruptcy court may take into account in exercising its

discretion in making Rule 7023 applicable to a proof of claim as permitted by Rule 9014(c).  The

court may consider the benefits and costs of class litigation. "Suits for very small stakes may hold

out little prospect of either compensation or deterrence." *Id.* at 492.  It may consider whether a class

proof of claim would unduly complicate or delay the administration of the bankruptcy case. *Id.* at

492.  The bankruptcy court's control over the debtor and its property may "make class certification

unnecessary." *Id.*  at 493.  Special notice of the bankruptcy together with an opportunity to file an

individual proof of claim "might achieve the principal benefit of the class action device while

preserving what the district court saw as the principal benefits of individual claims." *Id.* at 494.[8]

An additional consideration is the timeliness of the motion to make Rule 7023 applicable to the proof of claim. *Reid v. White Motor Corporation (In re White Motor Corporation),* 886 F.2d 1462, 1463-1464 (6th Cir. 1989).

It is important to note that there are two steps in the class proof of claim process. Two decisions must be made: (1) Whether Rule 7023 should be made applicable to the proof of claim; and (2) whether a class should be certified under Rule 23. A decision favorable to the class on one step is not sufficient. Application of Rule 7023 to the proof of claim does not assure that the putative class will be certified or that the movant will be designated the class representative. Conversely, anticipated certification by the bankruptcy court or pre-petition certification by another court does not assure that Rule 7023 will be made applicable to the proof of claim.[9]

### 3. How is application of Rule 7023 raised?

The applicability of Rule 7023 is raised by motion. *In re Trebol Motors Distributor Corp.,* 220 B.R. 500 (1st Cir.BAP 1998) sets out one possible procedure. In that case, counsel for the

---

[8]*In re Craft,* 321 B.R. 189 (Bankr.N.D.Tex. 2005) raises the notice issue differently. It explains how notice in a class action may assist a chapter 11 debtor in reorganizing by including unknown claimants that might otherwise not be discharged.

[9]There may be good reasons to consider the issues together in some cases, but they remain separate decisions. One reason not to consider them together may be the extent of proof necessary to obtain certification of the class. In this case, certification in the New Jersey court took more than eighteen months to achieve. It was achieved only after significant discovery was conducted that was vigorously contested. *See* Motion to Allow Claim, ¶4. Under federal rules, the court must conduct a rigorous analysis of the certification requirements and may not accept the plaintiff's allegations as true. *Gariety v. Grant Thornton, L.L.P.,* 368 F.3d 356, 365-367 (4th Cir. 2004). A bankruptcy court should make a prompt decision on the applicability of Rule 7023 even though it cannot reach the certification issue at that time. It is as important to the administration of the case to know whether a class proof of claim may be filed as to whether the class will be certified.

class[10] filed a proof of claim on behalf of the class clearly identifying that it was a class proof of claim and clearly identifying the class.  Counsel also

> filed a motion asking that the court grant an extension of time for individual members of the class of creditors .   .   . to file Proofs of Claim herein, or in the alternative, to determine that the filing of the Proof of Claim by the [attorney] is filed timely and correctly by a representative of the class of creditors pursuant to Federal Rule of Civil Procedure 23 and Federal Rules of Bankruptcy Procedure 7023 and 9014.

*Id.* at 501.  The point is that the proponent of the class proof of claim must seek and must obtain application of Rule 7023.  The proponent is the one who wants the court to enter an order.  Without that order, Rule 7023 is not applicable to the proof of claim and a class proof of claim is improper.[11]

*Reid v. White Motor Corporation*, 886 F.2d 1462 (6th Cir. 1989) illustrates this point. Patrick T. Reid, the attorney for a class certified in a state court class action before the filing of the petition, filed a class proof of claim on September 3, 1981.  The bar date expired on August 30, 1983.  The trustee objected to the class proof of claim on September 30, 1983.  His objection was sustained on June 20, 1985 on his motion for summary judgment and the proof of claim was disallowed.  After summary judgment was granted for the trustee and the claim disallowed, Reid filed a motion to reconsider and a motion under Rule 9014 to apply Rule 7023.  The bankruptcy court held that the Rule 7023 motion came too late.  In upholding the bankruptcy court, the Court of Appeals stated:

---

[10]The class was certified in the  pre-petition class action suit.

[11]There is an embarrassing logical problem in suggesting that the procedure in *Trebol Motors* is acceptable. It suggests that a class proof of claim may be filed before the motion to make Rule 7023 applicable – and thus permitting the class proof of claim to be filed – has been granted.  Strictly speaking, the class proof of claim is premature and should be disallowed on objection because Rule 7023 is not yet applicable.  The better practice is to resolve the Rule 7023 motion first, then file the class proof of claim.  If an extension of the bar date is necessary to achieve this, a motion to extend the bar date should be made.

> Reid totally disregarded compliance with the bankruptcy procedures regulating the filing of class proofs of claim in a bankruptcy proceeding.
>
> Reid failed to confirm his representative capacity to represent a class; he failed to identify the class he purportedly represented; and he failed to timely petition the bankruptcy court to apply the provisions of Rules 9014 and 7023. *In re GAC Corp. (Novak v. Callahan),* 681 F.2d 1295, 1299 (11th Cir. 1982) ("[Claimant] never filed a Rule 914 motion requesting that Rule 723 apply, and the bankruptcy court in its discretion chose not to so direct. Thus, Rule 723 . . . was never made applicable to the proceedings involved here, and in the absence of such application a class proof of claim could not properly be permitted.") In sum, Reid ignored every mandatory requirement essential to filing a class proof of claim with the bankruptcy court.

*Id.* at 1470-1471. *Reid* makes clear that a class proof of claim is not permissible without an order making Rule 7023 applicable and that the proponent of the class proof of claim must timely obtain that order.

### 4. Ripeness and Timeliness: When may a Rule 7023 motion be made?

Timeliness raises two issues: (1) When may a Rule 7023 motion first be made; and (2) when is a Rule 7023 motion too late? The first question is essentially an issue of ripeness. The second question is one of timeliness. Timeliness is normally measured from the time an action may first be taken.

*Certified Class v. The Charter Co. (In re The Charter Co.),* 876 F.2d 866 (11th Cir. 1989) addresses both questions. A class action suit was filed against The Charter Co. in the United States District Court. Shortly thereafter, The Charter Co. filed bankruptcy in the same judicial district. The plaintiffs filed a class proof of claim in the bankruptcy case on September 14, 1984, before the bar date but did not file a motion to make Rule 7023 applicable to their proof of claim. Almost two

years later, in August 1986, the district court certified the class. Two months later, the debtor objected to the class proof of claim as a class proof of claim. The claimants responded by filing their Rule 7023 motion and their motion for class certification. The bankruptcy court disallowed the class proof of claim on two grounds: that class proofs of claim were not permitted in bankruptcy cases; and that the claimants had not timely filed their Rule 7023 motion. The district court affirmed but the Court of Appeals reversed. The Court of Appeals held that class proofs of claim were permissible in bankruptcy cases and that the claimants' Rule 7023 motion was timely.

On the second issue, the timeliness of the claimants' Rule 7023 motion, the Court of Appeals concluded that until the proof of claim was objected to, there was no contested matter in which Rule 7023 could be made applicable. It reasoned that Rule 7023 may only be made applicable to contested matters. The mere filing of a proof of claim is not a contested matter. An objection to a proof of claim is a contested matter. Therefore, the first opportunity that the claimants had to invoke Rule 7023 was when the objection to the class proof of claim was filed. Since the Rule 7023 motion was filed soon after the objection, it was timely filed.

Other cases follow the same argument but generally in connection with the first issue addressed by the Court of Appeals, whether class proofs of claim are permitted in bankruptcy cases. Those courts generally note that Rule 7023 is not automatically applicable in a contested matter. *See* Rule 9014(c). Instead, it may be made applicable to a contested matter "at any stage in a particular matter." Rule 9014(c). They note that filing a proof of claim is not itself a contested matter, but that filing an objection to a proof of claim is a contested matter. Since there is a contested matter at that stage of the proceedings, the point when an objection is filed to a proof of claim, the court may make Rule 7023 applicable to the proof of claim. This argument is generally

used as textual support that class proofs of claim are permissible, not to determine the timeliness of the filing of the Rule 7023 motion.  The issue of timeliness is not generally raised or discussed.

The argument in support of the permissibility of class proofs of claim should not be extended to determine when a Rule 7023 motion is ripe for consideration, that is, the time before which it is procedurally improper to be brought.  The argument treats the objection to the proof of claim as the commencement of a contested matter that permits the filing of a Rule 7023 motion for the first time, and, silently, not earlier.  In fact, the issue in controversy is whether the proof of claim may be filed as a class proof of claim in the first instance.  This is the contested matter.  It is resolved by filing a Rule 7023 motion which itself commences the contested matter.  Logically, the Rule 7023 motion should be granted before a class proof of claim is filed.  Objection to a purported class proof of claim on the ground that Rule 7023 has not been made applicable to it is only one ground upon which a valid objection might be made.[12]  A Rule 7023 motion is not a defense to such an objection since the objection is well taken at the moment that it is made.  A Rule 7023 motion filed at that time is merely an attempt to remedy an obvious defect that will otherwise certainly result in disallowance of the claim.  A Rule 7023 motion at that time may be untimely depending on the circumstances of the case.  It may be denied at that time and if it is denied, the purported class proof of claim will necessarily be disallowed.

Rule 9014 establishes no deadline for filing a Rule 7023 motion.  In fact, it provides that "The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply."  This is not, however, license to procrastinate.  A Rule 7023 motion should be filed

---

[12]All of the usual objections may also be made to a class proof of claim, for example, the proof of claim was untimely; the debtor is not liable to the claimant; the claim is unenforceable against the debtor or property of the debtor; or the claim is for unmatured interest.  *See* 11 U.S.C. §§101(5), 502(b), 726(a)(2)(C) and 726(a)(3).

13

as soon as practicable and should be denied if it comes so late as to prejudice any party.[13]   Early application of Rule 7023 solves the logical problem of filing a class proof of claim before Rule 7023 is made applicable to the prospective class proof of claim and furthers the policy of an orderly and expeditious administration of the bankruptcy estate.   *See* Bankruptcy Code §704(1) ("The trustee shall .   .   . close such estate as expeditiously as is compatible with the best interests of parties in interest.")  This can only be accomplished by timely filing of proofs of claim.   *See* Bankruptcy Code §§501(b), 501(c), 726(a)(2) and 726(a)(3) and Rules 3002(c), 3003(c) and 3004.   A bar date for filing proofs of claim is important to the orderly administration of the case and prevents delays in the distribution of funds to creditors.

*The Charter Co.* may well have reached the right result.  It cannot be said with certainty from the published opinion, but the opinion suggests that the debtor and the class claimant were in protracted negotiations over the terms of a consensual chapter 11 plan, negotiations that ultimately failed.  *Id.*  at 868.  The class claimants appear to have returned to the district court where they successfully obtained class certification.  The debtor countered by objecting to the class proof of claim and the timeliness of the Rule 7023 motion which if successful would have mooted the district court class action.  *Id.*  These are circumstances where there is good cause for a delayed Rule 7023 motion.

---

[13] Rule 7023 itself requires that the class certification decision be made "at an early practicable time."  Rule 7023(c).

### B.  Application of Rule 7023 to Ruiz' and Evangelista's Proof of Claim

**1.  Timeliness of the Rule 7023 Motion.**

The Rule 7023 motion in this case was not timely filed.  It was filed more than four years after the commencement of the case and years after the bar date set for filing proofs of claim. During the intervening years, the debtor, after notice to creditors, and with court approval, destroyed many of its records.  Many were abandoned or destroyed at their original locations when the schools were sold in 2001.  Others were destroyed as a part of an orderly document destruction program implemented by the original trustee.  Required student records – records that would show a student's enrollment, course of studies and completion of the course of studies –  were not destroyed but are not in the debtor's possession.   They were transferred to appropriate custodians, in some cases the successful purchasers of the schools and in others to state agencies.  It is unclear how those records have been maintained and whether they are organized in such a manner as to permit identification of class members.  These records probably do not include financial records.  Financial records are necessary to establish the amount of the class members' claims and to permit the trustee to verify or defend against amounts claimed.  Except for the required student records, the extant records almost certainly do not contain information from the period from 1992 to 1998, the relevant time period relating to the underlying allegations of the representations made to prospective students and the quality of the services provided.

All of the debtor's employees were discharged in January 2001 immediately prior to the filing of the petition in this case.  They are important witnesses relating to the underlying merits of the allegations.  It is questionable whether the trustee now would be able to find enough of them

15

from the critical period who have any significant recollection of the events of that time to allow him to properly defend the proposed class claims on their merits.

The trustee undertook a systematic analysis of the claims filed and spent several years resolving them. That review resulted in numerous objections and amendments to the claims filed. There were several significant settlements.[14]  That process is now completed. Only ministerial matters remain and the trustee should soon be in a position to prepare and file his final report. Distribution to creditors should occur in the near future. Active administration of the case is all but over.

The trustee is prejudiced by the delay in filing the Rule 7023 motion. Had the motion been timely filed, he could have modified his document destruction program to preserve applicable records. He could have identified and sought former employees who could have assisted him in resolving the allegations raised in the proposed class proof of claim. He could have preserved their testimony. He could have included the class action allegations in his analysis and settlement of claims.

Creditors are prejudiced. After years of waiting, they are about to receive payment on their claims. Permitting a class proof of claim will delay that payment for an indefinite period of time. The court, at the very least, would have to estimate the claim and reserve for it and for the trustee's expenses of defending against it. It is not clear that a reliable estimate can be made because of the state of the records, but it is clear that the estimation procedure itself would take a significant amount of time that would necessarily delay the presently anticipated distribution to creditors. If

---

[14]The most significant settlement was with the Department of Education. It was predicted in large part on an anticipated scheme of distribution. Had the Rule 7023 motion been granted earlier in the case, the negotiations would probably have been affected.

16

the class claim is unsuccessful, a second distribution to creditors would be made from the reserved

funds.   That would probably not be for at least a year.  As every day passes, contact with more

creditors is lost.  Every delay in the distribution to creditors inevitably means that more creditors

will never receive the payment to which they are entitled.

The claimants' Rule 7023 motion must be denied because of their delay in filing their Rule

7023 motion.[15]


## 2.  Applicability of Rule 7023.

Even if the Rule 7023 motion had been timely filed, it would be denied on its merits.  *In re*

*American Reserve Corp., supra,* and *In re Croft, supra,* set out some factors to be considered in

resolving a Rule 7023 motion.  Several are similar to class certification factors, principally the three

additional factors a court must consider in certifying a class under Rule 23(b).  They are:

> (1) the prosecution of separate actions by or against individual members of the class
> would create a risk of (A) inconsistent or varying adjudications with respect to
> individual members of the class which would establish incompatible standards of
> conduct for the party opposing the class, or (B) adjudications with respect to
> individual members of the class which would as a practical matter be dispositive of
> the interests of the other members not parties to the adjudications or substantially
> impair or impede their ability to protect their interests; or (2) the party opposing the
> class has acted or refused to act on grounds generally applicable to the class, thereby
> making appropriate final injunctive relief or corresponding declaratory relief with
> respect to the class as a whole; or (3) the court finds that the questions of law or fact
> common to the members of the class predominate over any questions affecting only
> individual members, and that a class action is superior to other available methods for
> the fair and efficient adjudication of the controversy. The matters pertinent to the
> findings include: (A) the interest of members of the class in individually controlling

---

[15]The court's 2001 ruling on the plaintiff's motion for relief from stay is not relevant.  Whether the plaintiffs obtained relief and proceeded in their New Jersey class action or were denied relief and were required to proceed exclusively in this court does nothing to alter the requirement that they file a proof of claim in this case and have Rule 7023 be made applicable to it.  Without an allowed class proof of claim in this case, no recovery in the New Jersey suit would be paid from this bankruptcy estate.

the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

F.R.Civ.P. 23.

The application of the three additional factors is different in a bankruptcy proceeding than in a prospective non-bankruptcy class action. The risk of inconsistent adjudications which might establish incompatible standards of conduct for the party opposing the class, that is, the debtor, is less likely in a bankruptcy case if all adjudications are in the same bankruptcy court and before the same bankruptcy judge. This minimizes the likelihood of inconsistent adjudications. But the factor is more than inconsistent adjudications among class members, it is inconsistent adjudications among class members that "establish incompatible standards of conduct for the party opposing the class." In a corporate chapter 7 bankruptcy, it is unlikely that the debtor will continue in existence after the case is concluded. The purpose of a chapter 7 case is to liquidate the corporate debtor. The trustee will typically administer all valuable assets and abandon all assets with no value. A corporate debtor does not receive a chapter 7 discharge. What is left is an entity stripped of any valuable assets that is subject to the claims of all of its unpaid creditors. Such entities rarely continue in business and standards of conduct for post-bankruptcy actions have little meaning.[16] Injunctive relief designed to address future conduct has much less significance in a chapter 7 corporate case than against a solvent, thriving entity.[17]

---

[16]The analysis would be different for a chapter 11 debtor seeking to reorganize and continue in business.

[17]Rule 7023 is applicable in an adversary proceeding and there is no need to seek its application as is required in the claims allowance process. F.R.Bankr.P. 7001. Moreover, injunctive relief is not available in connection with a proof of claim. A proceeding to obtain an injunction is an adversary proceeding. F.R.Bankr.P. 7001(7). If injunctive relief is sought, it must be sought in a separate adversary proceeding and not as a part of the claims allowance process.

18

These are the circumstances of this case. The debtor terminated operations immediately before filing its petition. It has not been operational for more than five years and the trustee has liquidated all of its valuable assets. The trustee abandoned the rest of its assets. There is no likelihood that the debtor will resume operations. There is no need to establish standards of conduct for the debtor's future conduct and the request for an injunction is to assure compliance with such standards is moot.

Rule 23(b)(3) permits class certification if a class action "is superior to other available methods for the fair and efficient adjudication of the controversy."[18] *See also In re American Reserve Corp.*, 840 F.2d at 494 (achieving the principal benefits of a class action in a bankruptcy case). A bankruptcy case presents many of the same mechanisms to process large numbers of claims as a class action. There are established mechanisms for notice. Established procedures exist for managing a large number of claimants. All proceedings are centralized in a single court with nationwide service of process. There is no race to judgment since all the debtor's assets are under the control of the bankruptcy court.

A class action in this case is not superior to the ordinary operation of this bankruptcy case. The trustee actively administered the case. He spent considerable time evaluating all claims filed. Duplicate claims were filed against the estate by students, bonding companies and New Jersey that resolved. The complexity of these competing claims and the manner in which they were resolved illustrates that addressing the type of claims asserted by Ruiz and Evangelista could have easily been resolved in the ordinary claims allowance process and through a class action. In this regard, it

---

[18]The alternative of litigating claims in a bankruptcy case cannot be considered by a non-bankruptcy court until a bankruptcy petition is filed. Such a court cannot take into account the concomitant benefits or burdens of a bankruptcy case in evaluating the Rule 23(b)(3) factors because the alternative is not available.

should be noted that the individual class members must file a proof of claim in any event. They must either file a proof of claim in this bankruptcy case in order to share in any distribution from the estate or file a proof of claim in the class action to share in any distribution from any recovery by the class. Each proof of claim, whether filed in the bankruptcy case or in the class action, must be reviewed and be determined to be a legitimate proof of claim, both as to entitlement and amount. Proceeding by way of class action does not change this requirement at all.[19] It only changes the forum.

There is a difference between class actions and bankruptcy cases that may be significant. In a class action, the class typically obtains a single recovery that is then distributed by the class action claims administrator to eligible class members. Other creditors of the defendant are not necessarily affected. Other creditors are affected by a class recovery in a bankruptcy case because there are typically limited resources. In this case, overall, creditors will receive about a 15% distribution.[20] Class members, if the class proof of claim were to be allowed, should receive the same prorata distribution as other unsecured creditors of their class. It is not likely that this result would be achieved if a single award were made to the class to be distributed by a class administrator rather than the trustee in bankruptcy. Without knowing the precise amount of each claim, it is more likely that a class member would receive more or less than his prorata share, but not exactly his prorata share. Either a class member is disadvantaged by the class action or the other creditors are disadvantaged. In this case, where the trustee could easily have reviewed and analyzed an additional

---

[19]There is a potential advantage to proceeding by a class action in that liability can be established for the entire class in a single trial. However, this can be achieved in a bankruptcy case as well.

[20]Some creditors will be paid in full because of their priority status or the settlement reached by the trustee with the U.S. Department of Education which held the single largest claim, over $110 million out of total claims of about $130 million.

100 or so claims, there is no principled reason to allow any creditor to be disadvantaged in its distribution.

The class proponents raise one additional argument, that many class members may not have realized that they had claims and may not have filed claims in this case.[21]  The advantage of a class action is that the class members can be particularly identified and be given notice of their potential claims.  In a bankruptcy case, notice is only mailed to known creditors.  While on the surface there appears to be merit to this argument, any notice that can be given in a class action case can also be given in a bankruptcy case.  If potential class members can be identified in a class action, they can surely be as easily identified in a bankruptcy case.  Here, for example, the trustee obtained all of the debtor's records and could have examined them to find potential class members.  Individual notice could have been given to them.  The notice might also have been specially drafted to alert them to their potential claims.  Additional notice might have been given by publication.  In short, any notice that could have been given in a class action could have been given in this case.  Thus, the class action in this case is not superior to this bankruptcy case for the fair and efficient adjudication of the controversy.[22]

As discussed above, a pre-filing class certification is not binding on the bankruptcy court. The consideration of the additional factors required for class certification did not take into account and could not have taken into account the alternative of a bankruptcy case that was at that time not

_____

[21]The class proponents have not reviewed the proofs of claim actually filed in this case to determine whether class members filed proofs of claim, whether class members recovered under a bond or whether any were able to obtain relief from the Department of Education by the forgiveness of their loans.  It is possible that class members obtained relief.

[22]The absence of individualized notice in this case also goes to the timeliness of the Rule 7023 motion.  The notice issue could have been brought up by the class proponents at the beginning of the case and addressed; but, was not.  Now such notice, for the reasons discussed above, is impossible.

21

even contemplated.  In addition, New Jersey's class action rule, unlike Rule 7023, appears to favor, or even have a presumption in favor, of class action in consumer fraud cases.  Consequently, the state court's pre-filing certification, a procedural matter, is not binding on this court.[23]  If Rule 7023 were made applicable to this case, the class would not be certified because none of the additional factors contained in Rule 7023(b) is present.  The potential for a different result exists if the class proponents were seeking to certify a class consisting of those individuals described in its state court complaint who also filed an individual proof of claim in this bankruptcy case.

## Conclusion

The class proponent's motion for application of Rule 7023 will be denied.  It was not timely made and the delay unduly prejudices the estate and its other creditors.  If it had been timely made, it would have been denied.  In this case, with over 2,000 claims filed, the trustee could easily have reviewed and administered an additional 100 or so claims and the benefits of a class action would not have materially aided the class members.  To the extent that procedural changes would have been appropriate to handle the similar claims, such procedures could have been instituted for the benefit of the class members and the estate in this bankruptcy case without the added unnecessary burdens of a class action.

Alexandria, Virginia
January 24, 2006

 /s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

---

[23]There may be circumstances where the adjudication of the four prerequisites might be binding on this court under the doctrine of collateral estoppel.

22

Copy electronically to:

Janet M. Meiburger
James W. Reynolds

12561