# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

COMPUTER LEARNING CENTERS, INC.,

Debtor.

Case No. 01-80096-RGM
(Chapter 7)

## MEMORANDUM OPINION

This case is before the court on the applications of the original chapter 7 trustee and the successor chapter 7 trustee, H. Jason Gold and Donald F. King, respectively, for compensation for their services as trustee in this case. They jointly request $1,228,258.47, the maximum permitted under §326(a) of the Bankruptcy Code.[1] The threshold question they present is the proper manner in which their fee must be determined. This court previously held in this case that trustee's compensation is calculated by the lodestar method. A trustee's reasonable compensation is determined under Bankruptcy Code §330 by applying the non-exclusive factors set out in §330(a)(3).[2] That amount may not exceed the amount computed under §326(a). Section 326(a) is itself not the measure of the trustee's compensation, but the limitation on the maximum compensation that may be awarded. It is not a presumptive fee. *In re Computer Learning Centers, Inc.,* 285 B.R. 191, 229 (Bankr.E.D.Va. 2002) *appeal dismissed* 407 F.3d 656 (4th Cir. 2005) (no jurisdiction to hear appeal from interim fee award).

---

[1] The trustees' total lodestar compensation is $613,776.30; Gold's portion is $391,107.30 and King's, $222,669.00. The maximum permitted under §326(a) is $1,228,258.47. The difference between the maximum permissible fee under §326(a) and the fee calculated by the lodestar method under §330(a)(3) is $614,482.10.

[2] The use of the word "including" in §330(a)(3) is not limiting. *See* 11 U.S.C. §102(3).

1

The trustees argue that their compensation should be determined by using the formula set out in Bankruptcy Code §326(a) without regard to §330(a)(3). They argue that the court erred in holding that §330(a)(3) is the proper basis to determine their fees and that the court should use §326(a) instead. While the trustees recognize that this case is governed by the Bankruptcy Code in effect when the case was filed on January 25, 2001, they argue that the 2005 amendments[3] to §330 clarify the existing applicable law which, they argue, mandates that trustees be paid a commission computed under §326(a) on the basis of money turned over to parties in interest other than the debtor. In this case they will disburse $40,166,949.11. Under their argument, their compensation would be $1,228,258.47. Computed under §330(a)(3) without an enhancement, it would be $613,776.30, a difference of $614,482.40.

While acknowledging that the 2005 amendments are not applicable in this case, they assert that the legislative history of the 2005 amendments is relevant. They argue:

> As explained in the Report of the Committee on the Judiciary House of Representatives to BAPCPA ("House Report"):
>
> *Sec. 407. Amendments to Section 330(a) of Title 11, United States Code.* Section 407 amends section 330(a)(3) of the Bankruptcy Code to *clarify* that this provision applies to examiners, chapter 11 trustees, and professional persons. This section also amends section 330(a) to add a provision that requires a court, in determining the amount of reasonable compensation to award to a trustee, to treat such compensation as a commission pursuant to section 326 of the Bankruptcy Code.
>
> H.R. Rep. No. 109-31, at 87 (2005), 2005 WL 832196 (emphasis supplied). Thus, BAPCPA clarifies that 11 U.S.C. §330(a)(3) does not apply to Chapter 7 trustees and that trustee compensation is to be calculated as a commission under 11 U.S.C. §326. The maxim of *expressio unius est exclusio alterius* applies as Chapter 7 trustees are not included in 11 U.S.C. §330(a)(3). . . . It is clear that under the pre-BAPCPA

---

[3]P.L. 109-8, The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

2

§330(a), applicable to this case, Congress intended the Trustees' compensation to be calculated as a commission.

Trustees' Joint Final Application for Allowance of Compensation and Costs at 3-4.

The court cannot accept the trustees' argument. Section 330 in effect before the 2005 amendments was clear and unambiguous as to trustee compensation. There is simply no need or justification to resort to legislative history to construe the statute. The Supreme Court has often cautioned against too quickly resorting to legislative history:

> As we have repeatedly held, the authoritative statement is the statutory text, not the legislative history or any other extrinsic material. Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms. Not all extrinsic materials are reliable sources of insight into legislative understandings, however, and legislative history in particular is vulnerable to two serious criticisms. First, legislative history is itself often murky, ambiguous, and contradictory. Judicial investigation of legislative history has a tendency to become, to borrow Judge Leventhal's memorable phrase, an exercise in "'looking over a crowd and picking out your friends.'" See Wald, Some Observations on the Use of Legislative History in the 1981 Supreme Court Term, 68 Iowa L.Rev. 195, 214 (1983). Second, judicial reliance on legislative materials like committee reports, which are not themselves subject to the requirements of Article I, may give unrepresentative committee members – or, worse yet, unelected staffers and lobbyists – both the power and the incentive to attempt strategic manipulations of legislative history to secure results they were unable to achieve through the statutory text.

*Exxon Mobil Corp. v. Allappattah Services,* 545 U.S. ___, 125 S.Ct. 2611, 2626, 162 L.Ed.2d 502, 526 (2005).

The meaning of §330 as to trustee compensation is clear.[4] This clarity is evident from the straight-forward structure of the statute. Section 330 addresses compensation of officers of the bankruptcy estate. Section 330(a)(1) establishes the authority of the bankruptcy court to award fees to those parties set out: trustees, examiners, and professional persons employed under §327 or

---

[4] *See Lamie v. U.S. Trustee,* 540 U.S. 526, 124 S.Ct. 1023 (2004) (Section 330 unambiguous as to compensation of debtor's attorneys from the bankruptcy estate).

3

§1103. It provides that the compensation must be reasonable and for actual, necessary services. Bankruptcy Code §330(a)(1)(A). The term "reasonable compensation" is explained in §330(a)(3). Before the 2005 amendment, there was no reference to any type of professional in §330(a)(3) and the criteria set out applied to all professionals entitled to compensation under §330, that is, those described in §330(a)(1). The meaning of §330 being clear and unambiguous as to trustee's compensation, there is no need to consider the legislative history of either the enacting Congress or a subsequent Congress.[5]

Even if the court were inclined to resort to legislative history, the House Report is itself unclear. The word that the trustees emphasize, "clarify", applies only to the addition of the statutory language "to an examiner, trustee under chapter 11, or professional person" in §330(a)(3). But, there was no doubt before the 2005 amendment that §330(a)(3) applied to examiners, chapter 11 trustees, and professional persons. The idea that this amendment "clarifies" §330(a)(3) is odd.

The court could speculate that there is an error in the House Report itself. Perhaps the House Report was intended to read "Section 407 amends section 330(a)(3) of the Bankruptcy Code to clarify that this provision applies ***only*** to examiners, chapter 11 trustees, and professional persons." The court's speculative addition to the House Report – the word "only" – together with the addition of §330(a)(7), which states "In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326", suggests that chapter 7 trustees are to be compensated on a commission basis. This, though, is inconsistent with the use of the word "clarify." Such a reading is a clear change in existing law, not a clarification. The court's speculation also raises questions about the addition of the consumer

---

[5]The trustees leave unanswered the question of the propriety of using a committee report from a subsequent Congress as an authoritative source to discern the intention of a prior Congress.

privacy ombudsman and the patient care ombudsman to §330(a).  The ombudsmen were also added to the Bankruptcy Code by the 2005 amendments and are clearly expected to be compensated by the bankruptcy estate.[6]  Limiting §330(a)(3) only to examiners, chapter 11 trustees, and professional persons either by the court's speculative change to the House Report or the application of the maxim *expressio unius est exclusio alterius* necessarily excludes privacy ombudsmen and patient care ombudsmen.  While it is clear that the ombudsmen are entitled to reasonable compensation under §330(a)(1)(A), nothing in the House Report suggests excluding them from §330(a)(3) and the court can discern no reason for doing so.

  Taking the House Report as written, as the court must, there is no indication that the addition of the phrase "to an examiner, trustee under chapter 11, or professional person" is limiting.  It expressly provides that §330(a)(3) applies to them; not that §330(a)(3) is limited to them.  This is more consistent with the use of the word "clarify" in the House Report than with the unexpressed intention to limit §330(a)(3) only to those officers.  Section 330(a)(3) applies to others as well, for example, ombudsmen.

  Even if the court were to accept the trustees' argument that the 2005 amendments merely clarified existing law, the court could not reach the trustees' desired result, that §326(a) is the exclusive manner in which trustees may be compensated, that §330(a)(3) does not apply to them, and that they are to be paid only the amount computed by the mathematical formula set out in §326(a); not more, not less.  Their argument is founded on the implicit assumption that §§330(a)(3) and 326(a) are two separate, mutually exclusive, ways in which compensation is to be computed for

---

[6] *See* P.L. 109-8 §§232(b) and 1104(b).

those officers identified in §330(a)(1).[7] However, their argument fails to account for the use of the phrase "based on section 326" in §330(a)(7) and the clear language in §326(a) which requires compensation to trustees to be "reasonable" and "not to exceed" certain computed amounts. Both §330(a) and §326(a) continue to require "reasonable compensation," a requirement that was not changed by the 2005 amendments. The statutory language in §330(a)(7) – "based on section 326" – does nothing to override the "not to exceed" language of §326(a), which was not altered. Neither section suggests that the compensation must be "equal to" the amount computed by the formula in §326(a) or that it may not be "less than" the amount computed. Both are consistent with compensation that is simply "not to exceed" the computed amount.

Their argument fails to account for §330(a)(2) which permits the court to award compensation "less than the amount of compensation that is requested" and §330(a)(4) which prohibits the court from allowing compensation for unnecessary duplication of services, services that were not reasonably likely to benefit the estate or were not necessary for the administration of the case. Both sections are independent of the manner in which the fee is determined, that is, whether under §330(a)(3) or §330(a)(7). Neither is limited to some of the parties set out in §330(a)(1) as the trustees argue §330(a)(3) now is. The two sections become surplusage as to trustees under the trustees' construction. Under the trustees' construction, it does not matter whether there is unnecessary duplication of services, whether the services rendered were, when rendered, reasonably likely to benefit the estate, or whether the services were necessary to the administration of the case. The trustee gets paid the same in any event.

---

[7]Their argument assumes that the sole purpose of the addition of §330(a)(7) is to recognize this proposition; that it makes the dichotomy clear and acts as a mere reference to §326.

The trustees acknowledged at oral argument, as they must, that even under their construction of §326(a) there will be occasions when a court should not award the maximum compensation allowable under §326(a). They noted situations where there is malfeasance. There must also be a mechanism to award fees less than the maximum permitted by §326(a) when the trustee does not discharge his duties imposed under §704 in a satisfactory or timely manner even when there is no malfeasance. There should be a mechanism that differentiates the bumbling trustee from the typical trustee and from the excellent trustee. There should be a mechanism that allows enhanced awards when a trustee performs outstanding services.[8] There should be a mechanism that prevents windfalls to trustees.[9] The difficulty with the trustees' argument is that none of these are possible if the 2005 amendments permit only one fee determined by a mathematical computation founded on the amount disbursed.[10]

The court cannot accept the trustees' argument that the law existing before the 2005 amendments required trustees to be paid on a commission basis in the maximum amount computed under §326(a).[11] The court adheres to its prior holding that the proper computation of the trustees' compensation in this 2001 case is the lodestar computation under §330(a)(3). The lodestar method

---

[8] Enhanced fees pose their own problems because there is no statutory authority to award a fee greater than the maximum permitted under §326(a). In practice, under present law two circumstances must be satisfied before an enhanced fee can be awarded: The lodestar calculation must result in an amount less than the maximum fee permitted by §326(a) and the enhanced fee must be warranted.

[9] To the extent that the $614,482.10 difference between the §330(a)(3) lodestar calculation and the §326(a) maximum fee is not an earned enhanced fee, it is a windfall to the trustees at the expense of unsecured creditors who are being paid about 25% of their claims more than five years after the commencement of the case.

[10] The idea that the value of a trustee's services is reflected solely by the amount of money paid to creditors is flawed. Even these trustees would not divide the requested $1,228,258.47 between themselves in accordance with the amount of money each disbursed. Gold disbursed about 31.7% of the estate funds, but accounts for about 63.7% of the lodestar computation.

[11] The court does not address the application of the amendments to §330 to post-amendment cases.

permits enhancement of fees in proper circumstances and the court will separately consider the trustees' request for an enhancement.

    Alexandria, Virginia
    May 26, 2006

    /s/ Robert G. Mayer
    Robert G. Mayer
    United States Bankruptcy Judge

copies to:

H. Jason Gold
Donald F. King
Frank Bove

12937